WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Thomas MacWright

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
John K. Cunningham
Richard S. Kebrdle (*pro hac vice* pending)

*Attorneys for Ricardo Costa Villela
as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Aralco S.A. - Indústria e Comércio,<br><br>      Debtor in a Foreign Proceeding, | Chapter 15<br><br>Case No. 15-10419 (___) |
| In re:<br><br>Agral S.A. Agrícola Aracanguá,<br><br>      Debtor in a Foreign Proceeding, | Chapter 15<br><br>Case No. 15-10420 (___) |
| In re<br><br>Destilaria Generalco S.A.,<br><br>      Debtor in a Foreign Proceeding, | Chapter 15<br><br>Case No. 15-10421 (___) |

| | |
|---|---|
| In re<br>Alcoazul S.A. - Açúcar e Álcool,<br>      Debtor in a Foreign Proceeding, | Chapter 15<br>Case No. 15-10423 (___) |
| In re:<br>Figueira Indústria e Comércio S.A.,<br>      Debtor in a Foreign Proceeding, | Chapter 15<br>Case No. 15-10424 (___) |
| In re:<br>Aralco Finance S.A.,<br>      Debtor in a Foreign Proceeding, | Chapter 15<br>Case No. 15-10425 (___) |
| In re:<br>Aracanguá Sociedade de Participação Ltda.,<br>      Debtor in a Foreign Proceeding, | Chapter 15<br>Case No. 15-10426 (___) |
| In re:<br>Agrogel - Agropecuária General Ltda.,<br>      Debtor in a Foreign Proceeding, | Chapter 15<br>Case No. 15-10427 (___) |
| In re:<br>Agroazul - Agrícola Alcoazul Ltda.,<br>      Debtor in a Foreign Proceeding. | Chapter 15<br>Case No. 15-10428 (___) |

**FOREIGN REPRESENTATIVE'S MOTION FOR AN ORDER
DIRECTING THE JOINT ADMINISTRATION OF THE CHAPTER 15 CASES
OF ARALCO S.A. - INDÚSTRIA E COMÉRCIO AND ITS AFFILIATES
PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 1015(b)**

The Foreign Representative[1] in the above-captioned chapter 15 cases (the "Chapter 15 Cases") in respect of the above-captioned debtors in a foreign proceeding (collectively, the "Debtors"), hereby file this motion (the "Motion") seeking entry of an order directing the joint administration of the Chapter 15 Cases for procedural purposes only pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Motion, the Foreign Representative respectfully represents:

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of chapter 15 of title 11 of the Bankruptcy Code.[2] This matter is a core proceeding with the meaning of 28 U.S.C. § 157(b)(2)(P).

**Background**

2. Contemporaneously with the filing of this Motion, the Foreign Representative filed the Petition on February 25, 2015. Further background information is set forth in the Petition. Therein, the Court may find a description of the Brazilian Proceedings and the Debtors' activities, business, corporate and capital structures and the circumstances leading to the commencement of the Brazilian Bankruptcy Proceedings.

---

[1] Any capitalized term not otherwise defined herein shall have the meaning ascribed to such term in the *Foreign Representative's Petition for Recognition of Brazilian Bankruptcy Proceedings and Motion for Order Granting Related Relief Pursuant to 11 U.S.C.§§ 105(a), 1507(a), 1509(b), 1515, 1517, 1520, and 1521* [ECF No. 3] (together with the Forms of Voluntary Petition [ECF No. 1], the "Petition").

[2] Unless otherwise specified herein, chapter and section references are to the Bankruptcy Code.

**Relief Requested**

3.      By this Motion, the Foreign Representative seeks the entry of an order pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b) in the form annexed hereto as <u>Exhibit A</u> (the "Proposed Order"), directing the joint administration of the Chapter 15 Cases for procedural purposes only.

**Basis for Relief**

4.      Bankruptcy Rule 1015(b) provides, in relevant part: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  As the Petition makes clear, the Debtors are "affiliates" as that term is defined in the Bankruptcy Code.  <u>See</u> 11 U.S.C. §101(2).  The Debtors have filed petitions for relief under chapter 15 of the Bankruptcy Code concurrently herewith.  As such, "two or more petitions are pending" in this Court within the meaning of such phrase as used in Bankruptcy Rule 1015(b).  Courts have granted joint administration based solely upon Bankruptcy Rule 1015(b).  <u>See, e.g.</u>, <u>In re Cline Mining Corp., et al.</u>, No. 14-26132 (EEB) [Docket No. 15] (Bankr. D. Colo. Dec. 4, 2014); <u>In re Essar Steel Algoma Inc., et al.</u>, No. 14-11730 (BLS) [Docket No. 27] (Bankr. D. Del. July 17, 2014); <u>In re Cinram Int'l Inc., et al.</u>, No. 12-11882 (KJC) [Docket No. 27] (Bankr. D. Del June 26, 2012).  As such, the Court has authority to enter this order pursuant to Bankruptcy Rule 1015(b).

5.      In addition to Bankruptcy Rule 1015(b), the Foreign Representative submits that the relief requested herein is available pursuant to section 105(a) of the Bankruptcy Code.  Section 105(a), made applicable in chapter 15 cases pursuant to section 103(a), permits this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a).  The relief requested herein is

consistent with and furthers the meaning and purpose of the bankruptcy statute and rules, see In re Select Tree Farms, Inc., 483 B.R. 595, 597 (Bankr. W.D.N.Y. 2012) (Section 105(a) "empower[s] the bankruptcy court to exercise its equitable powers . . . to facilitate the implementation of other Bankruptcy Code provisions.") (internal quotations omitted) (citing Solow v. Kalikow (In re Kalikow), 602 F. 3d 82, 97 (2nd Cir. 2010)); In re Fairfield Sentry Ltd., 458 B.R. 665, 691-92 (S.D.N.Y. 2011) (noting that in chapter 15 cases, a bankruptcy court may enter orders pursuant to section 105(a) only to the extent consistent with the Bankruptcy Code and the Bankruptcy Rules) (citing Barbieri v. RAJ Acquisition Corp. (In re Barbieri), 199 F.3d 616 (2d. Cir. 1999)). Additionally, joint administration pursuant to Bankruptcy Rule 1015(b) is not limited to plenary cases and the requested relief will promote the efficient administration of these Chapter 15 Cases, one of the stated purposes of chapter 15. See 11 U.S.C. §1501(a)(3). Therefore, the Court has additional authority under section 105(a) of the Bankruptcy Code to enter an order directing the joint administration of the Chapter 15 Cases.

6.  The Petition establishes that joint administration of these cases is warranted because:

- the Debtors' financial affairs and business operations are closely related;

- the Debtors are party to a single, jointly administered bankruptcy proceeding in Brazil; and

- the joint administration of the Chapter 15 Cases will ease the administrative burden of the Chapter 15 Cases on this Court and parties in interest.

7.  Moreover, granting the relief requested herein will limit the costs associated with the Chapter 15 Cases, resulting in savings that the Debtors can use for their continued operations and thus for the preservation of their going concern value. Additionally, the rights of creditors of the Debtors will not be affected by the joint administration of the Chapter 15 Cases, as this

Motion requests consolidation for administrative purposes only.  By granting this Motion, the Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files for each of the Debtors' cases.

8. As such, the Foreign Representative respectfully requests that the caption of each of the Chapter 15 Cases be modified to reflect their joint administration as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** ) | Chapter 15 |
| ) | |
| **ARALCO S.A. - Indústria e Comércio, *et. al.*,**[1] ) | Case No. 15-10419 ( ) |
| ) | (Jointly Administered) |
| **Debtors in Foreign Proceedings.** ) | |
| ) | |

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's foreign tax or registration identification number, are:  Aralco S.A. - Indústria e Comércio (01-80); Agral S.A. Agrícola Aracanguá (01-65);  Destilaria Generalco S.A. (01-73); Alcoazul S.A. - Açúcar e Álcool (01-70);  Figueira Indústria e Comércio S.A. (01-25); Aralco Finance S.A.(6520); Aracanguá Sociedade de Participação Ltda. (01-00); Agrogel - Agropecuária General Ltda. (01-82) ; and Agroazul - Agrícola Alcoazul Ltda. (01-24).

9. The Foreign Representative also requests that the Court direct that the following statement be entered on the docket of each of the Chapter 15 Cases to reflect their joint administration:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Aralco S.A. - Indústria e Comércio; Agral S.A. Agrícola Aracanguá; Destilaria Generalco S.A.; Alcoazul S.A. - Açúcar e Álcool; Figueira Indústria e Comércio S.A.; Aralco Finance S.A.; Aracanguá Sociedade de Participação Ltda.; Agrogel - Agropecuária General Ltda.; and Agroazul - Agrícola Alcoazul Ltda.  The docket in Case No. 15-10419 should be consulted in all matters affecting or related to this case.

**Notice**

10. The Foreign Representative requests that the Court grant this Motion without notice to creditors, as all material creditors of the Debtors are aware that the Brazilian Bankruptcy Proceedings are jointly administered in Brazil and, as noted above, the entry of the Proposed Order will not adversely affect the rights of any creditors because it is for administrative purposes only. The Foreign Representative, however, will serve notice of the signed order granting the relief requested herein in accordance with the *Application Pursuant to Federal Rules of Bankruptcy Procedure 2002(m) and (q) and 9007 for Order Scheduling Hearing and Manner of Service of Notice*.

**No Prior Request**

11. No previous motion for the relief sought herein has been made by the Foreign Representative to this Court or any other court.

WHEREFORE, the Foreign Representative respectfully requests that the Court grant the Motion, order the joint administration of the Chapter 15 Cases by entry of an order substantially in the form of the Proposed Order annexed hereto as <u>Exhibit A</u> and grant such other and further relief it deems just and proper.

Dated: New York, New York
February 25, 2014

        WHITE & CASE LLP

        By: /s/ John K. Cunningham
            John K. Cunningham
            Richard S. Kebrdle

        1155 Avenue of the Americas
        New York, New York 10036-2787
        (212) 819-8200
        Thomas MacWright

        Southeast Financial Center, Suite 4900
        200 South Biscayne Boulevard
        Miami, Florida 33131-2352
        (305) 371-2700
        John K. Cunningham
        Richard S. Kebrdle

        *Attorneys for Ricardo Costa Villela as Petitioner and Foreign Representative*