**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:** ) | ) |
|  ) | Case No. 15-10419 (REG) |
| **ARALCO S.A. - Indústria e Comércio, *et al.*,** ) | (Jointly Administered) |
|  ) |  |
| **Debtors in Foreign Proceedings.** ) | Chapter 15 |
|  ) |  |

## ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDINGS AND CERTAIN RELATED RELIEF

Upon the *Foreign Representative's Petition for Recognition of Brazilian Bankruptcy Proceedings and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 105(a), 1507(a), 1509(b), 1515, 1517, 1520, and 1521* (the "Motion") [ECF No. 3] dated February 25, 2015 of Ricardo Costa Villela (the "Petitioner" or the "Foreign Representative"), in his capacity as the authorized Foreign Representative for Aralco S.A. - Indústria e Comércio ("Aralco") and certain of its affiliates as debtors in the above-captioned chapter 15 cases (the "Aralco Group" or the "Debtors"), for entry of an Order (this "Order") after notice and a hearing, (a) granting the forms of voluntary petition (the "Forms of Voluntary Petition" and, together with the Motion, the "Petition") [ECF No. 1] and recognizing the judicial reorganization proceedings (the "Brazilian Bankruptcy Proceedings") before the Second Civil Court of Araçatuba (the "Brazilian Bankruptcy Court"), pursuant to Federal Law No. 11.101 of February 9, 2005 of the laws of the Federative Republic of Brazil ("Brazil") as foreign main proceedings pursuant to section 1517 of the title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (b) recognizing the Petitioner as the "foreign representative," as defined in section 101(24) of the Bankruptcy Code, in respect of the Brazilian Bankruptcy Proceedings, (c) giving full force and effect in the United States to the order entered by the Brazilian Bankruptcy Court

approving the Brazilian Reorganization Plan that was published on January 23, 2015 (the "Brazilian Confirmation Order") and the joint plan of reorganization submitted by the Debtors to the Brazilian Bankruptcy Court on July 14, 2014 (as amended, the "Brazilian Reorganization Plan"), which was approved by the Brazilian Confirmation Order, (d) permanently enjoining all parties from commencing or taking any action in the United States to obtain possession of, exercise control over, or assert claims against the Debtors or their property, (e) authorizing and directing the DTC and the Indenture Trustee to take any and all actions necessary to give effect to the terms of the Brazilian Reorganization Plan and (f) granting such other and further relief as the Court deems just and proper; and it appearing that this Court has jurisdiction to consider the Motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.) (the "Amended Standing Order"); and this Court having reviewed the Motion, the Petition, the *Declaration of Ricardo Costa Villela in Support of (I) the Foreign Representative's Petition for Recognition of Brazilian Bankruptcy Proceedings and Motion for Order Granting Related Relief and (II) Certain Related Relief* (the "Petitioner Declaration") [ECF No. 4] and (B) the *Declaration of Joel Luis Thomaz Bastos Pursuant to 28 U.S.C. § 1746 Supplementing (I) Forms of Voluntary Petition and (II) the Foreign Representative's Verified Petition for Recognition of Foreign Main Proceedings and Chapter 15 Relief* (the "Brazilian Counsel Declaration") [ECF No. 5] and the statements of counsel with respect to the Motion at a hearing before this Court (the "Hearing"); and appropriate and timely notice of the filing of the Motion and the Hearing having been given; and no other or further notice being necessary or required; and this Court having determined that the legal and factual bases set forth in the Motion, the Petitions, the

2

Petitioner Declaration, the Brazilian Counsel Declaration, and all other pleadings and papers in these cases establish just cause to grant the relief ordered herein; and after due deliberation therefor;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code and the Amended Standing Order. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code. Venue for this proceeding is proper before this Court pursuant to section 1410 of title 28 of the United States Code.

C. The Petitioner is the duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

D. These chapter 15 cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

E. The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

F. Each of the Brazilian Bankruptcy Proceedings is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

3

G.  Each of the Brazilian Bankruptcy Proceedings is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

H.  The State of São Paulo in Brazil is each of the Debtors' center of main interests, and accordingly, each of the Brazilian Bankruptcy Proceedings is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

I.  The Petitioner and the Debtors, as applicable, are further entitled to the additional assistance and discretionary relief requested in the Motion pursuant to sections 1507 and 1521(a) of the Bankruptcy Code.

J.  Absent permanent injunctive relief, the Brazilian Bankruptcy Proceedings and the Debtors' efforts to consummate the Brazilian Reorganization Plan could be thwarted by the actions of certain creditors, a result that would be inconsistent with the purposes of chapter 15 of the Bankruptcy Code as set forth, *inter alia,* in section 1501(a) of the Bankruptcy Code. Such actions could threaten, frustrate, delay, and ultimately jeopardize the Brazilian Bankruptcy Proceedings and implementation of the Brazilian Reorganization Plan, and, as a result, the Debtors, their creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

K.  Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is essential to the success of the Brazilian Bankruptcy Proceedings and Brazilian Reorganization Plan, (iii) is an integral element of the Brazilian Bankruptcy Proceedings and Brazilian Reorganization Plan and/or to their effectuation, (iv) confers material benefits on, and is in the best interests of the Debtors and their creditors, including without limitation the Noteholders and (v) is important to the overall objectives of the Debtor's restructuring.

L. The relief sought by the Motion will not cause undue hardship or inconvenience to any party in interest and, to the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Petitioner, the Debtors and all of their creditors.

M. The relief granted hereby is necessary and appropriate to effectuate the purposes and objectives of chapter 15 and to protect the Debtors and the interests of their creditors and other parties in interest.

N. Appropriate notice of the filing of, and the Hearing on, the Petition and the Motion was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

O. The relief granted hereby is necessary and appropriate in the interests of the public and international comity; it is consistent with the public policy of the United States; it is warranted pursuant to sections 105(a), 1507(a), 1509(b), 1520, 1521(a) and 1525 of the Bankruptcy Code; and it will not cause to the Debtors' creditors or other parties in interest any hardship that is not outweighed by the benefits of granting the relief requested herein.

For all of the foregoing reasons, and for the reasons stated by the Court on the record of the Hearing, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Petition is granted.

2. The Brazilian Bankruptcy Proceedings are granted recognition as foreign main proceedings pursuant to section 1517 of the Bankruptcy Code.

3. The Petitioner is recognized as the foreign representative of the in respect of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

4. The Brazilian Confirmation Order and the Brazilian Reorganization Plan, including any amendments or modifications thereto, and subject to all limitations and conditions precedent set forth therein, are hereby recognized, granted comity, and given full force and effect to the same extent that they are given effect in Brazil, and each is binding on all creditors of the Debtors, including all Noteholders, as well as the DTC and the Indenture Trustee, and any of their successors or assigns and all persons having notice of the Motion.

5. All of the effects of recognition of foreign main proceedings pursuant to section 1520 of the Bankruptcy Code shall apply to the Brazilian Bankruptcy Proceedings and all parties in interest, as applicable.

6. All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Petitioner and his expressly authorized representatives and agents, are hereby enjoined from:

   a. execution against any of the Debtors' assets;

   b. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or attempt to recover a claim, which in either case in any way relates to, or would interfere with, the administration of the Debtors' estates in the Brazilian Bankruptcy Proceedings or the solicitation, implementation, or consummation of the transactions contemplated by the Brazilian Reorganization Plan, including without limitation any and all unpaid judgments, settlements, notes, or otherwise against the Debtors in the United States;

   c. taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtors or any of their property;

   d. transferring, relinquishing, or disposing of any property of the Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Petitioner; or

   e. commencing or continuing an individual action or proceeding concerning the Debtors' assets, rights, obligations, or liabilities to the extent they have

6

not been stayed pursuant to sections 1520(a) and 362 of the Bankruptcy Code;

provided, in each case, that such injunction shall be effective solely within the territorial jurisdiction of the United States.

7. All entities are permanently enjoined from taking any action within the territorial jurisdiction of the United States that is in contravention of or that is inconsistent with the Brazilian Reorganization Plan.

8. With respect to claims based upon, concerning or relating in any way to the Notes or the solicitation and/or implementation of the Brazilian Reorganization Plan, all persons and entities are enjoined and restrained from taking any action within the territorial jurisdiction of the United States (including, without limitation, commencing or continuing any action or legal proceeding (including, without limitation, bringing suit in any court, arbitration, mediation, or any judicial or quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), whether directly or by way of counterclaim (and from seeking discovery of any nature related thereto)) that would interfere with or impede the administration, implementation and/or consummation of the Brazilian Reorganization Plan and/or the terms of this Order against the Debtors, the Petitioner, the Indenture Trustee, or the DTC, and any of their successors or assigns.

9. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as enjoining (a) the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code or staying the exercise of any rights not stayed pursuant to section 362(o) of the Bankruptcy Code, (b) any action permitted or contemplated by (i) the Brazilian Reorganization Plan or (ii) any agreement entered into in connection with the Brazilian

7

Reorganization Plan, or (c) solely to the extent that the Brazilian Reorganization Plan is no longer effective under Brazilian law for any reason, any action that is not prohibited by the Brazilian Court with jurisdiction over the Brazilian Reorganization Plan or Brazilian law.

10. The DTC and the Indenture Trustee, its agents, attorneys, successors and assigns are hereby authorized and directed to take any lawful actions that may be necessary to consummate the transactions contemplated by the Brazilian Reorganization Plan.

11. The DTC and the Indenture Trustee shall be exculpated and released from any liability for any action or inaction taken in furtherance of this Order, except for any liability arising from any action or inaction constituting willful misconduct or gross negligence as finally determined by the Court. The Petitioner, the Debtors, and/or each of their respective successors, agents, representatives, advisors, and counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Petitioner is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Petitioner is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

13. A copy of this Order, confirmed to be true and correct, shall be served by the Foreign Representative, within seven business days of entry of this Order, by facsimile, electronic mail, or overnight express delivery, upon (a) all persons or bodies authorized to administer foreign proceedings of the Debtors; (b) Pillsbury Winthrop Shaw Pittman LLP, on behalf of the Indenture Trustee, 1540 Broadway, New York, New York 10036-4039, attn: Richard L. Epling, Esq. and Leo T. Crowley, Esq.; (c) the DTC, 55 Water Street - 1SL New York , New York,

10041; (d) Thomas Benes Felsberg, Felsberg, Felsberg & Associates, on behalf of the Ad Hoc Group, Avenida Cidade Jardim, 803 - Jardim Paulistano, São Paulo - SP, 01453-001, Brazil; (e) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006  New York, New York 10014; (f) the Indenture Trustee (with instructions to forward such notice on behalf of the Petitioner to the DTC and to instruct the DTC to disseminate the same according to the DTC's customary practices); and such other entities as this Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

14. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order and any requests for additional relief or any adversary proceeding brought in and through this case.

Dated: New York, New York
        April 21, 2015

                                            *s/ Robert E. Gerber*
                                            Honorable Robert E. Gerber
                                            United States Bankruptcy Judge